```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRETT WHEELER,

                            Plaintiff,

         -against-

NYC DOC: JOHN DOE # 1,

                            Defendant.

19-CV-9689 (MKV)

VALENTIN ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, currently incarcerated in Sullivan Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his rights when he was detained on Rikers Island. By order dated November 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1)).

## DISCUSSION

      Plaintiff brings this action against a John Doe correction officer allegedly employed by the New York City Department of Correction (DOC). Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOC to identify the John Doe correction officer who was involved in the alleged June 6, 2018 incident in Plaintiff's housing area on Rikers Island. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DOC, must ascertain the identity of the John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. If the Doe defendant is a current or former DOC employee, the Law Department should note in the

response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.  The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendant. The second amended complaint will replace, not supplement, the original and amended complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order asking the defendant to waive service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

A "Second Amended Complaint" form is attached to this order.

SO ORDERED.

Dated:   April 23, 2020
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge