```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRETT WHEELER,

                                    Plaintiff,

                -against-

NYC DOC: JOHN DOE # 1,

                                    Defendant.

19-CV-9689-MKV

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who is currently incarcerated in Sullivan Correctional Facility, brought this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his rights when he was detained on Rikers Island.  On April 23, 2020, the Court issued a *Valentin* Order directing the New York City Law Department to ascertain the identity of the John Doe whom Plaintiff seeks to sue [ECF No. 12].  *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).  The Court directed Plaintiff to file a second amended complaint within thirty days of receiving a report from the New York City Law Department.  On June 30, 2020, the Court received a letter from Plaintiff inquiring about the status of the case [ECF No. 17].  The Court mailed a copy of the Docket Sheet to Plaintiff at the address of record.

On August 21, 2020, the New York City Law Department filed a letter report informing the Court that it was unable to identify the John Doe described in Plaintiff's Amended Complaint but that it was able to identify, upon information and belief, several individuals as being in or near the area where the inmate altercation alleged in the Amended Complaint occurred [ECF No. 19].  A copy of the report was sent to Plaintiff by First Class Mail.  Plaintiff failed to file a second amended complaint naming a defendant within thirty days of receiving the report, as directed in the Valentin Order [*see* ECF No. 12].

On October 19, 2020, the Court issued an Order directing Plaintiff to file a second amended complaint that either names a defendant or defendants or provides additional details about the John Doe defendant, so that the New York City Law Department might identify that individual [ECF No. 20]. The Order warned that "[f]**ailure to comply with this order and the deadlines herein may result in dismissal of this action.**" The Court mailed a copy of the Order and an Information Package to Plaintiff at the address of record [*see* ECF No. 21].

On December 16, 2020, having received no response from Plaintiff, the Court entered another Order directing Plaintiff to file a second amended complaint on or before January 16, 2021 [ECF No. 23]. The Court again warned that "**FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINE HEREIN WILL RESULT IN DISMISSAL OF THE CASE.**" The Court mailed a copy of the Order to Plaintiff at the address of record. To date, Plaintiff has not filed a second amended complaint or otherwise responded to the Court's Orders.

Federal Rule of Civil Procedure 41(b) provides in part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*." *Harding v. Goord*, 135 F. App'x 488, 488 (2d Cir. 2005) (summary order) (citing *Spencer v. Doe*, 139, F.3d 107, 112 (2d Cir. 1998)). The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). The standard is heightened in cases of *pro se* litigants. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (noting that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant" (citing *Minnette*, 997 F.2d at 1027)). While dismissal may

be a harsh remedy, "the Court's authority to dismiss an action 'for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Akhtab v. BCBG Max Azria Grp. Inc.*, No. 08 Civ. 3088 (AKH), 2010 WL 11590860, at \*1 (S.D.N.Y. June 24, 2010) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); and *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999)). None of the five factors is dispositive. *Id.* (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

Considering the five factors, the Court concludes that dismissal without prejudice is appropriate in this case. Plaintiff commenced this action in October 2019 and filed the Amended Complaint in April 2020, naming only the John Doe defendant. Plaintiff's failure to name a defendant and noncompliance has caused a delay of several months. Indeed, the case cannot move forward because Plaintiff names only a John Doe defendant. Despite the Court's efforts to assist Plaintiff in attempting to identify the John Doe defendant [*see* ECF Nos. 12, 19–20], Plaintiff has failed to comply with or otherwise respond to three Court Orders [*see* ECF Nos. 12, 20, 23]. In particular, when instructed to either name a defendant or defendants or provide additional details about the John Doe defendant, so that the New York City Law Department might identify that

individual, Plaintiff failed to do so.  Plaintiff's failure to respond and the delay it has caused supports dismissal.  *See Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3–4 (S.D.N.Y. July 19, 2015) (dismissing *pro se* complaint for failure to prosecute after plaintiff failed to file an amended complaint "or otherwise garner additional evidence the defendants need to investigate her allegations" for four months and noting that "defendants cannot be expected to mount a defense or otherwise proceed in a case against an absent plaintiff, especially here where no individual defendant has been identified"); *Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00 Civ. 1247(AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (noting that "courts have granted [motions to dismiss for failure to prosecute] on delays of four months or less where circumstances warranted dismissal" (citing *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311(SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000))).

The Court is mindful of Plaintiff's *pro se* status, but "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case."  *Menu v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (citing *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order)); *see also Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) ("[E]ven *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." (citing *Gittens v. Garlocks Sealing Techs.*, 19 F. Supp. 2d 104 (W.D.N.Y. 1998))).  The Second Circuit has made clear that the sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal."  *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (collecting cases).  Here, despite receiving two direct warnings from the Court that the case could be dismissed [ECF Nos. 20, 23], Plaintiff has not filed a Second Amended Complaint

or taken any other action to prosecute the case. *See Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing for failure to prosecute where *pro se* plaintiff was unresponsive for months despite warnings that case could be dismissed); *Smith v. Westchester County*, No. 19-CV-1283 (KMK), 2020 WL 883332, at *1 –2 (S.D.N.Y. Feb. 24, 2020) (same); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (same); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (same).

"[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." *Amoroso v. County of Suffolk*, No. 08–CV–826 (JFB)(ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010); *see also Barker v. City of New York*, No. 19-cv-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) ("In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status, a dismissal without prejudice is warranted.").

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed without prejudice. The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff and close the case.

**SO ORDERED.**

Date:  **January 19, 2021**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

5