USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRETT WHEELER,

                Plaintiff,

-against-

CAPT. HARPER, *1159 Badge*; C.O. HARPER, *1195 Badge*; and C.O. GONZALEZ, *8475 Badge*,

                Defendants.

19-cv-9689-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On July 12, 2021, the Court issued an order denying a request for a pre-motion conference and directing the parties to proceed directly to briefing the Defendants' Motion to Dismiss. [ECF No. 35]. The Court directed the Defendant to file its motion on or before August 11, 2021 and for Plaintiff to respond in opposition on or before September 24, 2021. Defendants' reply was due on October 11, 2021. [ECF No. 35]. On August 9, 2021, the Court granted Defendants' request for an extension of time to file their Motion to Dismiss. [ECF No. 39]. The Court modified the briefing schedule: Defendants' Motion was due August 18, 2021, Plaintiff's opposition was due October 1, 2021, and Defendants' reply was due October 15, 2021. [ECF No. 39].

On August 18, 2021, Defendants filed their Motion to Dismiss. [ECF No. 41].[1] To date, Plaintiff has not filed an opposition to Defendants' Motion to Dismiss on the docket nor has he filed any other requests for an extension of time.

---

[1] Defendants original Motion to Dismiss was rejected as filed in a deficient manner. [ECF No. 40]. Defendants refiled their Motion on August 26, 2021. [ECF No. 41]. As such, the Court considers Defendants' Motion to Dismiss timely. Further, even if this motion were considered late, the Court in its discretion, may still consider a Motion to Dismiss even if filed late. *See Ediagbonya v. United States*, No. 18-CV-3882 (VSB), 2021 WL 4226400, at *2 (S.D.N.Y. Sept. 15, 2021); *Bob v. Armstrong*, No. 3:02CV1785 (RNC), 2003 WL 22682335, at *1 n.3 (D. Conn. Aug. 26, 2003). As such, the Court will consider Defendants' Motion to Dismiss.

A *pro se* plaintiff's pleadings should be read to raise the strongest arguments they suggest, *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.2007), but pro se status does not excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure. Nor does the latitude accorded a *pro se* litigant excuse him from meeting the requirements necessary to respond to dispositive motions, or from meeting deadlines set by the Court to file opposition. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir.2003); *Hamlett v. Srivastava*, 496 F.Supp.2d 325, 328 (S.D.N.Y.2007). When a plaintiff fails to respond to a motion to dismiss, the Court may consider the motion unopposed and deem the underlying claims abandoned. *See Johnson v. Commissioner of Soc. Sec.*, 519 F.Supp.2d 448, 449 (S.D.N.Y.2007) (citing *In re Refco Capital Mkts., Ltd. Brokerage Cust. Secs. Litig.*, No. 06 Civ. 643, 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007)).

IT IS HEREBY ORDERED that Plaintiff shall file his opposition to Defendants' Motion to Dismiss on or before November 12, 2021. Failure to file an opposition to Defendants' Motion to Dismiss on or before November 12, 2021 may result in the Court deciding Defendants' Motion to Dismiss unopposed. Should Plaintiff timely file an Opposition Brief, Defendants shall file a reply on or before December 3, 2021.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Appellant at the address of record.

SO ORDERED.

Date: October 12, 2021  
New York, NY

_____  
MARY KAY VYSKOCIL  
United States District Judge